## DECLARATION OF JAMES DEMAYO

I, James DeMayo, declare:

1. I have been a licensed bail agent since 2009. I have assisted with multiple bonds in federal criminal cases secured by liens on real property. I assisted in the property bond in this case for my client Cole Harris, the defendant in this case, *United States v. Harris et al.*, 2:23-0095-FMO.
2. I understand that the Court has ordered briefing regarding a potential sale of Mr. Harris's residence, which is at present serving as collateral for his bond. I am familiar with the process of coordinating such a sale, and I submit this declaration to provide my perspective on the logistics of transferring the bond to another property or to cash.
3. Earlier this year we had a client who had put up several properties in New York as collateral for his bond, and needed to sell one of them. The case was <u>California vs. Allan Neyman BA477427</u>. The total bail was $2,500,000, and we worked with our surety company to have $500,000 sent to them from escrow, prior to closing, by sending the escrow agent a demand letter identifying the lien and attaching the document used to encumber the properties. The funds were held by the surety company until a new document (in that case, a Confession of Judgment) was recorded as to the remaining properties in New York. Then a new lien was recorded for the new property, in Florida, purchased by the client. The court's lien was fully secured by property the entire time.
4. With respect to Mr. Harris's residence at 1385 Old Mill Road in San Marino, CA ("Residence"), the following steps will assure that the Court's liens on the Residence cannot be lifted until the bond amount of $4,500,000 has been fully secured with alternate property or with cash, if the Court makes a modification order permitting the sale and substitution.
5. The Court could issue an order modifying the conditions of release where Cole Harris will post a cash surety from the escrow proceeds of the sale of the property as a substitute for the previous property bond. After the terms of the sale are agreed to, Mr. Harris and the buyer can open escrow if they have not already done so.
6. The escrow company will order a title report. The title report for the Residence shows the Court's liens. **Exhibit A** is a title report for the

Residence obtained today, August 28, 2023. The sale cannot go through unless the liens are lifted. Accordingly, the escrow company will send a letter, called in the profession a "demand letter," to the Clerk of the Court, requesting that the Clerk fill in the liens to be lifted, per this Court's order (if the Court issues such an order), and send it to the County requesting lifting of the liens.

7. The language would be, in sum and substance, "Please be advised that upon receipt of cash collateral in the amount of $4,000,000 for the Deed of Trust executed on April 4, 2023 on behalf of Defendant Cole Harris, the Clerk agrees to file a reconveyance for the Deed of Trust recorded as Document 20230244382." There will be separate letters for each of the two prior $250,000 property bonds.
8. Once the purchase funds are received by the escrow agent, the escrow agent will mail cashier's checks in the amount instructed by the clerk in the demand letters. Or, if a new property is to be substituted, the new lien on that property will be recorded with the County.
9. Finally, once the Court is satisfied that the modified bond has been fully secured by cash or substituted property or a combination thereof, the Court would order the Deed of Trust be released so the County clerk can create the Request for Reconveyance letter and mail it to the trustee (which in this case is First Corporate Solutions).
10. The key point, for purposes of this case, is that the sale of the Residence cannot close until the title on the property is clear of all encumbrances and all lien holders are satisfied. In other words, there is no possibility that the Residence can be sold and transferred to a new owner other than through a series of steps such as those outlined above, pursuant to an order of this Court. None of these steps can proceed without this Court ordering them.
11. I will be available during the entire process to aid Mr. Harris and if needed the Court if any questions should arise. In my experience, the process proceeds most smoothly if the parties and Court identify a particular individual within the Clerk's office to serve as the point person for communications.

Executed under penalty of perjury under the laws of the United States, this date, August 28, 2023, at Los Angeles, California.

_____
James Demayo

# EXHIBIT A

(Title Report for Residence)