Caleb E. Mason, Esq. (State Bar No. 246653)
WERKSMAN JACKSON & QUINN, LLP
888 West Sixth Street, Fourth Floor
Los Angeles, California 90017
Telephone: (213) 688-0460
Facsimile: (213) 624-1942

Attorneys for Defendant
Cole Harris

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COLE HARRIS et al.,<br><br>　　　　　Defendants. | CASE NO: 2:23-cr-00095-FMO<br><br>DEFENDANT'S STATUS UPDATE RE. SUPERVISED RELEASE<br><br><u>Sep. 25, 2022</u><br><u>11 a.m.</u><br><u>Roybal, Ctrm. 790</u> |

Defendant Cole Harris submits the following status update in advance of the September 25, 2023 status hearing regarding his supervised release.

**A. Probation Report: Full Compliance with No Violations**

As set forth in the Probation Department's report submitted on Friday, September 22, 2023, Mr. Harris is in full compliance and has had no issues. He has communicated with his assigned Probation Officer regarding his finances, has made monthly reports regarding same, and has sought and received approval for expenditures as required.

**B. Mr. Harris's Arcadia Property**

Mr. Harris advises the Court that on Tuesday, September 19, 2023, the prosecutor wrote to defense counsel as follows:

> Counsel, It has come to our attention that your client may be taking steps to sell the Arcadia property. Could you please advise on whether you have informed the Court? If not, the government may raise this issue at the status conference on Monday so that the Court may continue to exercise its oversight over such matters in line with your client's pretrial release terms and conditions.

Ex. A (email exchange between prosecution and defense counsel, Sep. 19-21, 2023), at p. 4.

This email was surprising, because (a) Mr. Harris is not "taking steps" to sell the Arcadia property (in fact, he is in a dispute with his tenant over non-payment of rent); and (b) the prosecutor had previously proposed that Mr. Harris sell the Arcadia property in her most recent filing with the Court, in which she opposed the sale of the San Marino Property on the grounds that he ought to sell the Arcadia property instead (*see* ECF Doc. No. 172 at 2:21-3:2).

Undersigned counsel asked the prosecutors what "steps" they were referring to, and they responded that "the government received information from the tenant" in the Arcadia property relating to Mr. Harris's notice of eviction to the tenant for non-payment of rent, and a hearing on that eviction dispute set for hearing in Pasadena on September 21, 2023.

This response was also perplexing to Mr. Harris: why were the prosecutors "receiving information" from his tenant, and what sort of "information" were they receiving? The government has not produced any reports in discovery memorializing contacts with Mr. Harris's tenant at the Arcadia property. Moreover, why would the rent dispute be relevant to Mr. Harris's supervised release, or to this case at all?

Undersigned counsel asked this question as well, and the prosecutor responded that the government agrees that evicting the tenant would not be a violation of any conditions of supervised release, and that "the government's

position is that information related to the tenant's dispute with your client is beyond the ambit of the government's legal obligations." Ex. A, at 1.

Mr. Harris agrees that his dispute with his tenant over non-payment of rent is "beyond the scope of the government's legal obligations." It is particularly strange, therefore, that the tenant, in his written response to the Notice of Eviction, listed as one of his defenses to eviction that he was "working with" FBI Agent Zachary Goodman—the lead agent in this case. Ex. B (Tenant's Answer filed in Los Angeles Superior Court on June 21, 2023, in Case No. 23PDUD01940), at 6:15-19. Coincidentally, the government still—seven months after the arraignment in this case—has not produced a single report from Agent Goodman. That failure is significant, given that he is the lead agent and coordinated the investigation and searches in this case, and the defense has requested his reports on multiple occasions, to no avail.

The defense raises this issue because the prosecutors have told the defense that they intend to come to court on September 25, 2023, and "inform" the Court about Mr. Harris's eviction dispute with his tenant. The defense suggests that that colloquy would be an opportune time for the prosecutors to explain why Mr. Harris's tenant invoked the name of the FBI's lead agent in his responsive pleading in that eviction dispute. What is Agent Goodman's involvement with Mr. Harris's tenant? How did the tenant come to know Agent Goodman's name and phone number? Why did he invoke Agent Goodman as a defense against eviction? Did Agent Goodman offer him eviction protection in exchange for something? And why does the government refuse to produce any reports from Agent Goodman?

The answers to these questions may lie to some degree outside the scope of the September 22, 2023 status hearing. But Mr. Harris respectfully suggests that they be answered, given that the prosecutors have stated their intent to raise the issue of the Arcadia property with the Court.

| | | |
|---|---|---|
| 1 | Dated: September 22, 2023 | Respectfully submitted, |
| 2 | | Werksman Jackson & Quinn LLP |
| 3 | | /s *Caleb Mason* |
| 4 | | _____ |
| 5 | | Caleb E. Mason |
| 6 | | Alan J. Jackson |
| | | Attorneys for Defendant Cole Harris |