# Caleb Mason

| | |
|---|---|
| **From:** | Cho, Skyler (USACAC) <Skyler.Cho@usdoj.gov> |
| **Sent:** | Thursday, September 21, 2023 10:45 PM |
| **To:** | Caleb Mason; Song, Miri (USACAC) |
| **Cc:** | Alan Jackson |
| **Subject:** | RE: Arcadia property [United States v. Harris] |

Mr. Mason,

The government is not asserting that evicting the tenant at the Arcadia property would be a violation of your client's bond, and the government does not intend to seek a revocation of your client's bond on that basis. To the government's understanding, the Court wants to be informed early if defendant intends to sell a property. Accordingly, at the status conference on Monday, the government intends to inform the Court that the government received information from the tenant at the Arcadia property that: (1) in April, your client told the tenant that he was going to sell the Arcadia property; (2) in April, the tenant received a notice to quit; and (3) a hearing was scheduled for September 21, 2023, in Pasadena Housing Court. The government's position is that information related to the tenant's dispute with your client is beyond the ambit of the government's legal obligations.

As requested, below are responses to your questions in your email dated September 19, 2023.
- Discovery related to the seizure of co-defendant Robert Spiro's telephone will be included in a forthcoming production, which the government anticipates it will produce at the end of this week or early next week.
- The FBI did not conduct wiretaps as part of this investigation.
- To our understanding, the government does not possess the following:
  - reports by Special Agents Goodman or Bender regarding interactions with co-defendant Cindy Chen on the date of the execution of the search warrant;
  - body-worn or dashboard camera footage from that date;
  - security footage from the San Marino property.

If the governments subsequently learns of discovery that falls within its discovery obligations, the government will produce such discovery.

Regards,
Skyler Cho

**Skyler Cho | Assistant United States Attorney**
United States Attorney's Office | Central District of California
1400 United States Courthouse | 312 N. Spring Street | Los Angeles, CA 90012
(213) 894-2475 | skyler.cho@usdoj.gov

---

**From:** Caleb Mason <cmason@werksmanjackson.com>
**Sent:** Wednesday, September 20, 2023 1:37 PM
**To:** Song, Miri (USACAC) <MSong1@usa.doj.gov>
**Cc:** Cho, Skyler (USACAC) <SCho@usa.doj.gov>; Alan Jackson <ajackson@werksmanjackson.com>
**Subject:** [EXTERNAL] RE: Arcadia property [United States v. Harris]

Thanks, Ms. Song. I request that you answer the questions I asked in the email below. Additionally, would you please specify what you mean by "received information"? Did you send agents to talk to the tenant? Why? And if so, why

have you not produced any reports relating to such activities? I request that you produce discovery timely, including reports from agents regarding their activities. I also ask that you explain how evicting a tenant would be a violation of the bond.

If you could provide a more complete response prior to Monday's hearing, including specifying what you mean by the phrase "may render some issues moot," that would be helpful. Mr. Jackson will likely be appearing, because I have a hearing in Orange County that morning.

I reiterate my disappointment with the way in which you and Mr. Cho have approached discovery in this case. I was taught that prompt and complete discovery production is a cardinal professional and ethical obligation.

Thanks,

Caleb

---

**From:** Song, Miri (USACAC) <Miri.Song@usdoj.gov>
**Sent:** Wednesday, September 20, 2023 1:07 PM
**To:** Caleb Mason <cmason@werksmanjackson.com>
**Cc:** Cho, Skyler (USACAC) <Skyler.Cho@usdoj.gov>
**Subject:** RE: Arcadia property [United States v. Harris]

Counsel,

The government received information from the tenant at the Arcadia property that: (1) in April, your client told the tenant that he was going to sell the Arcadia property; (2) in April, the tenant received a notice to quit; and (3) there will be a hearing tomorrow in Pasadena Housing Court.

To my understanding, the school video footage that the government produced is the only footage in the government's possession. If you obtain additional footage, the government requests reciprocal discovery.

As for the remainder of the items you identified in your email, I suggest that the parties confer after you have had a chance to review the forthcoming production, which the government anticipates it will produce at the end of this week or early next week. This production may render some issues moot or at least allow for a more fruitful conversation.

**MiRi Song | Assistant United States Attorney**
Criminal Division | International Narcotics, Money Laundering, & Racketeering Section
1400 United States Courthouse | 312 N. Spring Street | Los Angeles, California 90012
Tel: 213.894.2262 | Fax: 213.894.0142 | miri.song@usdoj.gov

---

**From:** Caleb Mason <cmason@werksmanjackson.com>
**Sent:** Tuesday, September 19, 2023 3:02 PM
**To:** Song, Miri (USACAC) <MSong1@usa.doj.gov>
**Cc:** Cho, Skyler (USACAC) <SCho@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Arcadia property [United States v. Harris]

Ms. Song,

I don't know what you are referring to; would you please identify specifically what "steps" you are referring to and what your basis is for believing he has taken them?

Secondly, I have reviewed the video from the school, and it does not show the interaction between the FBI agents and Ms. Chen. Evidence of that interaction is *Brady* because it will support a motion to dismiss. I also note that you did not provide any reports from agents Goodman or Bender.

Evidence relating to the seizure of Mr. Spiro's phone is also Brady, and you also have not provided it. I reiterate what Diane Bass said in her last email to you: Assistant United States Attorneys have an ethical and professional obligation to produce discovery in a diligent and timely manner, and unfortunately your performance in this case falls short of satisfying that obligation. I see no possible legitimate explanation for the failure to have produced the 302s from last October, eleven months ago, or for the continued failure to complete discovery production.

I request that you produce all evidence in the government's possession relating to the interaction between the agents and Ms. Chen on the date of the search. This includes body-worn or dashboard camera footage; security footage from the house; the names of any witnesses at the school if any were identified; and your recordings from Ms. Chen's phone from that date, if the government was wiretapping it. Also, please state whether the government is or was previously wiretapping the phones of any defendants in this case.

Thanks,

Caleb

**Caleb Mason**
Partner
**Werksman Jackson & Quinn LLP**
888 W. 6th St. Fourth Floor
Los Angeles CA 90017
213-688-0460
cmason@werksmanjackson.com
www.werksmanjackson.com
https://werksmanjackson.com/attorneys/caleb-mason.html

3

**From:** Song, Miri (USACAC) <Miri.Song@usdoj.gov>
**Sent:** Tuesday, September 19, 2023 1:07 PM
**To:** Caleb Mason <cmason@werksmanjackson.com>
**Cc:** Cho, Skyler (USACAC) <Skyler.Cho@usdoj.gov>
**Subject:** Arcadia property

Counsel,

It has come to our attention that your client may be taking steps to sell the Arcadia property. Could you please advise on whether you have informed the Court? If not, the government may raise this issue at the status conference on Monday so that the Court may continue to exercise its oversight over such matters in line with your client's pretrial release terms and conditions.

**MiRi Song | Assistant United States Attorney**
**Criminal Division | International Narcotics, Money Laundering, & Racketeering Section**
1400 United States Courthouse | 312 N. Spring Street | Los Angeles, California 90012
Tel: 213.894.2262 | Fax: 213.894.0142 | miri.song@usdoj.gov