Original

UD-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Shi Zhongliang <br> FIRM NAME: <br> STREET ADDRESS: 315 San Antonio Road <br> CITY: Arcadia   STATE: CA   ZIP CODE: 91007 <br> TELEPHONE NO.:   FAX NO.: <br> EMAIL ADDRESS: <br> ATTORNEY FOR (name): Self-Represented | | FILED <br> Superior Court of California <br> County of Los Angeles <br> JUN 21 2023 <br> David W. Slayton, Executive Officer/Clerk of Court <br> By: O. Rodriguez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 300 East Walnut Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: Pasadena Courthouse- Northeast District

PLAINTIFF: Cole Harris
DEFENDANT: Shi Zhongliang

**ANSWER—UNLAWFUL DETAINER**

CASE NUMBER: 23PDUD01940

1. **Defendant** *(all defendants for whom this answer is filed must be named and must sign this answer unless their attorney signs):*
   Shi Zhongliang

   answers the complaint as follows:

2. **DENIALS** *(Check ONLY ONE of the next two boxes.)*
   a. [✓] **General Denial** *(Do not check this box if the complaint demands more than $1,000.)*
      Defendant generally denies each statement of the complaint and of the *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101).

   b. [ ] **Specific Denials** *(Check this box and complete (1) and (2) below if complaint demands more than $1,000.)*
      Defendant admits that all of the statements of the complaint and of the *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101) are true EXCEPT:

      (1) **Denial of Allegations in Complaint** (Form UD-100 or Other Complaint for Unlawful Detainer)
         (a) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025):*
            [ ] Explanation is on form MC-025, titled as Attachment 2b(1)(a).

         (b) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025):*
            [ ] Explanation is on form MC-025, titled as Attachment 2b(1)(b).

      (2) **Denial of Allegations in** *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101)
         (a) [ ] Defendant did not receive plaintiff's *Mandatory Cover Sheet and Supplemental Allegations* (form UD-101). *(If not checked, complete (b) and (c), as appropriate.)*
         (b) [ ] Defendant claims the statements in the **Verification required for issuance of summons—residential**, item 3 of plaintiff's *Mandatory Cover Sheet and Supplemental Allegations* (form UD-101), are false.
         (c) Defendant claims the following statements on the *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101) are false *(state paragraph numbers from form UD-101 or explain below or, if more room needed, on form MC-025):* [ ] Explanation is on form MC-025, titled as Attachment 2b(2)(c).

**UD-105**

| PLAINTIFF: Cole Harris | CASE NUMBER: |
| --- | --- |
| DEFENDANT: Shi Zhongliang | 23PDUD01940 |

2. b. (2) (d) Defendant has no information or belief that the following statements on the *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101) are true, so defendant denies them *(state paragraph numbers from form UD-101 or explain below or, if more room needed, on form MC-025)*:

   ☐ Explanation is on form MC-025, titled as Attachment 2b(2)(d).

3. **DEFENSES AND OBJECTIONS** *(NOTE: For each box checked, you must state brief facts to support it in item 3w (on page 4) or, if more room is needed, on form MC-025. You can learn more about defenses and objections at www.courts.ca.gov/selfhelp-eviction.htm.)*

   a. ☐ *(Nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.

   b. ☐ *(Nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.

   c. ☐ *(Nonpayment of rent only)* On *(date):* _____ before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.

   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.

   e. ☒ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.

   f. ☐ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.

   g. ☒ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):* City of Arcadia Ordinances
   *(Also, briefly state in item 3w the facts showing violation of the ordinance.)*

   h. ☐ Plaintiff's demand for possession is subject to the Tenant Protection Act of 2019, Civil Code section 1946.2 or 1947.12, and is not in compliance with the act. *(Check all that apply and briefly state in item 3w the facts that support each.)*

   (1) ☐ Plaintiff failed to state a just cause for termination of tenancy in the written notice to terminate.

   (2) ☐ Plaintiff failed to provide an opportunity to cure any alleged violations of terms and conditions of the lease (other than payment of rent) as required under Civil Code section 1946.2(c).

   (3) ☐ Plaintiff failed to comply with the relocation assistance requirements of Civil Code section 1946.2(d).

   (4) ☐ Plaintiff has raised the rent more than the amount allowed under Civil Code section 1947.12, and the only unpaid rent is the unauthorized amount.

   (5) ☐ Plaintiff violated the Tenant Protection Act in another manner that defeats the complaint.

   i. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.

   j. ☐ Plaintiff seeks to evict defendant based on an act against defendant or a member of defendant's household that constitutes domestic violence, sexual assault, stalking, human trafficking, or abuse of an elder or a dependent adult. *(This defense requires one of the following: (1) **a temporary restraining order, protective order, or police report** that is not more than 180 days old; OR (2) **a signed statement from a qualified third party** (e.g., a doctor, domestic violence or sexual assault counselor, human trafficking caseworker, or psychologist) concerning the injuries or abuse resulting from these acts).)*

   k. ☐ Plaintiff seeks to evict defendant based on defendant or another person calling the police or emergency assistance (e.g., ambulance) by or on behalf of a victim of abuse, a victim of crime, or an individual in an emergency when defendant or the other person believed that assistance was necessary.

   l. ☐ Plaintiff's demand for possession of a residential property is in retaliation for nonpayment of rent or other financial obligations due between March 1, 2020, and September 30, 2021, even though alleged to be based on other reasons. (Civ. Code, § 1942.5(d); Gov. Code, § 12955.)

   m. ☐ Plaintiff's demand for possession of a residential property is based on nonpayment of rent or other financial obligations due between March 1, 2020, and September 30, 2021, and *(check all that apply)*:

   (1) ☐ Plaintiff did not serve the general notice or notices of rights under the COVID-19 Tenant Relief Act as required by Code of Civil Procedure section 1179.04.

   (2) ☐ Plaintiff did not serve the required 15-day notice. (Code Civ. Proc., § 1179.03(b) or (c).)

UD-105

| PLAINTIFF: Cole Harris | CASE NUMBER: |
|---|---|
| DEFENDANT: Shi Zhongliang | 23PDUD01940 |

3. m. (3) ☐ Plaintiff did not provide an unsigned declaration of COVID-19–related financial distress with the 15-day notice. (Code Civ. Proc., § 1179.03(d).)

(4) ☐ Plaintiff did not provide an unsigned declaration of COVID-19–related financial distress in the language in which the landlord was required to provide a translation of the rental agreement. (Code Civ. Proc., § 1179.03(d).)

(5) ☐ Plaintiff identified defendant as a "high-income tenant" in the 15-day notice, but plaintiff did not possess proof at the time the notice was served establishing that defendant met the definition of high-income tenant. (Code Civ. Proc., § 1179.02.5(b).)

(6) ☐ Defendant delivered to plaintiff one or more declarations of COVID-19–related financial distress and, if required as a "high-income tenant," documentation in support. (Code Civ. Proc., §§ 1179.03(f) and 1179.02.5.)

*(Describe when and how delivered and check all other items below that apply):*

(a) ☐ Plaintiff's demand for payment includes late fees on rent or other financial obligations due between March 1, 2020, and September 30, 2021.

(b) ☐ Plaintiff's demand for payment includes fees for services that were increased or not previously charged.

(c) ☐ Defendant, on or before September 30, 2021, paid or offered plaintiff payment of at least 25% of the total rental payments that were due between September 1, 2020, and September 30, 2021, and that were demanded in the termination notices for which defendant delivered the declarations described in (a). (Code Civ. Proc., § 1179.03(g)(2).)

(7) ☐ Defendant is currently filing or has already filed a declaration of COVID-19–related financial distress with the court. (Code Civ. Proc., § 1179.03(h).)

n. ☐ Plaintiff's demand for possession of a residential property is based on nonpayment of rent or other financial obligations due between October 1, 2021, and March 31, 2022, and *(check all that apply):*

(1) ☐ Plaintiff's notice to quit was served before April 1, 2022, and

(a) ☐ Did not contain the required contact information for the pertinent governmental rental assistance program, or the other content required by Code of Civil Procedure section 1179.10(a).

(b) ☐ Did not did not include a translation of the statutorily required notice. (Code Civ. Proc., § 1179.10(a)(2) and Civ. Code, § 1632.)

(2) ☐ Plaintiff's notice to quit was served between April 1, 2022, and June 30, 2022, and did not contain the required information about the government rental assistance program and possible protections, as required by Code of Civil Procedure section 1179.10(b).

o. ☐ For a tenancy initially established before October 1, 2021, plaintiff's demand for possession of a residential property is based on nonpayment of rent or other financial obligations due between March 1, 2020, and March 31, 2022, **and** *(check all that apply):*

(1) ☐ Plaintiff did not complete an application for rental assistance to cover the rental debt demanded in the complaint before filing the complaint in this action.

(2) ☐ Plaintiff's application for rental assistance was not denied.

(3) ☐ Plaintiff's application for rental assistance was denied for a reason that does not support issuance of a summons or judgment in an unlawful detainer action *(check all that apply):*

(a) ☐ Plaintiff did not fully or properly complete plaintiff's portion of the application. (Code Civ. Proc., § 1179.09(d)(2)(A).)

(b) ☐ Plaintiff did not apply to the correct rental assistance program. (Code Civ. Proc., § 1179.09(d)(2)(C).)

(4) ☐ An application for rental assistance was filed before April 1, 2022, and the determination is still pending.

(5) ☐ Rental assistance has been approved and tenant is separately filing an application to prevent forfeiture (form UD-125).

p. ☐ Plaintiff's demand for possession of a residential property is based on nonpayment of rent or other financial obligations and *(check all that apply):*

(1) ☐ Plaintiff received or has a pending application for rental assistance from a governmental rental assistance program or some other source relating to the amount claimed in the notice to pay rent or quit. (Health & Saf. Code, §§ 50897.1(d)(2)(B) and 50897.3(e)(2).)

(2) ☐ Plaintiff received or has a pending application for rental assistance from a governmental rental assistance program or some other source for rent accruing since the notice to pay rent or quit. (Health & Saf. Code, §§ 50897.1(d)(2)(B) and 50897.3(e)(2).)

UD-105

| PLAINTIFF: Cole Harris | CASE NUMBER: |
|---|---|
| DEFENDANT: Shi Zhongliang | 23PDUD01940 |

3. p. (3) ☐ Plaintiff's demand for possession is based only on late fees for defendant's failure to provide landlord payment within 15 days of receiving governmental rental assistance. (Health & Saf. Code, § 50897.1(e)(2)(B).)

   q. ☐ Plaintiff violated the COVID-19 Tenant Relief Act (Code Civ. Proc., § 1179.01 et seq.) or a local COVID-19–related ordinance regarding evictions in some other way *(briefly state facts describing this in item 3w).*

   r. ☐ The property is covered by the federal CARES Act and the plaintiff did not provide 30 days' notice to vacate.
   *(Property covered by the CARES Act means property where the landlord:*
   • *is participating in a covered housing program as defined by the Violence Against Women Act;*
   • *is participating in the rural housing voucher program under section 542 of the Housing Act of 1949; or*
   • *has a federally backed mortgage loan or a federally backed multifamily mortgage loan.)*

   s. ☐ Plaintiff improperly applied payments made by defendant in a tenancy that was in existence between March 1, 2020, and September 30, 2021 (Code Civ. Proc., § 1179.04.5), as follows *(check all that apply):*
   (1) ☐ Plaintiff applied a security deposit to rent, or other financial obligations due, without tenant's written agreement.
   (2) ☐ Plaintiff applied a monthly rental payment to rent or other financial obligations that were due between March 1, 2020, and September 30, 2021, other than to the prospective month's rent, without tenant's written agreement.

   t. ☐ Plaintiff refused to accept payment from a third party for rent due. (Civ. Code, § 1947.3; Gov. Code, § 12955.)

   u. ☐ Defendant has a disability and plaintiff refused to provide a reasonable accommodation that was requested.
   (Cal. Code Regs., tit. 2, § 12176(c).)

   v. ☒ Other defenses and objections are stated in item 3w.

   w. *(Provide facts for each item checked above, either below or, if more room needed, on form MC-025):*
   ☐ Description of facts or defenses are on form MC-025, titled as Attachment 3w.

   See Attachment 3w.

4. OTHER STATEMENTS
   a. ☐ Defendant vacated the premises on *(date):*
   b. ☐ The fair rental value of the premises alleged in the complaint is excessive *(explain below or, if more room needed, on form MC-025):*
   ☐ Explanation is on form MC-025, titled as Attachment 4b.

   Breach of Warranty of Habitability. See Attachment 3w.

   c. ☐ Other *(specify below or, if more room needed, on form MC-025):*
   ☐ Other statements are on form MC-025, titled as Attachment 4c.

5. DEFENDANT REQUESTS
   a. that plaintiff take nothing requested in the complaint.
   b. costs incurred in this proceeding.
   c. ☒ reasonable attorney fees. (If retained)
   d. ☐ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.

**UD-105**

| PLAINTIFF: Cole Harris | CASE NUMBER: |
| --- | --- |
| DEFENDANT: Shi Zhongliang | 23PDUD01940 |

5. e. [x] Other *(specify below or on form MC-025):*
   [ ] All other requests are stated on form MC-025, titled as Attachment 5e.
   1. Reinstatement of the tenancy or in the alternative relief from forfeiture per CCP Section 1179.
   2. An order sealing the record after dismissal or judgment.
   3. If breach of warranty of habitability is plead, the Court to retain jurisidiction over this matter until all repairs and corrections are made.
   4. Any addtional relief the court deems proper.

6. Number of pages attached: 7

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

7. *(Must be completed in all cases.)* An **unlawful detainer assistant** [X] did not [ ] did for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state):*
   a. Assistant's name:
   b. Telephone number:
   c. Street address, city, and zip code:
   d. County of registration:
   e. Registration number:
   f. Expiration date:

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless defendant's attorney signs.)*

Shi Zhongliang
(TYPE OR PRINT NAME)

X *Zhong liang Shi*
(SIGNATURE OF DEFENDANT OR ATTORNEY)

(TYPE OR PRINT NAME)

(SIGNATURE OF DEFENDANT OR ATTORNEY)

(TYPE OR PRINT NAME)

(SIGNATURE OF DEFENDANT OR ATTORNEY)

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 6/21/2023

Shi Zhongliang
(TYPE OR PRINT NAME)

X *Zhong liang Shi*
(SIGNATURE OF DEFENDANT)

Date:

(TYPE OR PRINT NAME)

(SIGNATURE OF DEFENDANT)

Date:

(TYPE OR PRINT NAME)

(SIGNATURE OF DEFENDANT)

UD-105 [Rev. April 14, 2022]     **ANSWER—UNLAWFUL DETAINER**     Page 5 of 5

For your protection and privacy, please press the Clear This Form button after you have printed the form. [Print this form] [Save this form] [Clear this form]

## DEFECTIVE NOTICE

The notice that is the basis of this action is defective because:
- ☐ It did not clearly demand possession and/or it is not in the alternative.
- ☐ It did not declare a forfeiture (cancellation) of the lease or rental agreement.
- ☐ It did not adequately describe the property.
- ☐ It was not served on defendant.
- ☐ It was a different notice than the one plaintiff attached to the complaint. (CCP §1166(b)(A).)
- ☐ It was not served on the date that plaintiff alleges in the complaint. (CCP §1166(a)(5).)
- ☑ Notice was not served properly per CCP §1162:
  - ☑ It was posted on the door and not mailed, or ☐ mailed and not posted.
  - ☐ It was given to a minor at the subject premises.
  - ☐ It was given to an adult other than defendant and not mailed to defendant.
- ☐ It demands more rent than defendant owed because:
  - ☐ there are/were uninhabitable conditions which reduces the rent owed.
  - ☐ Plaintiff failed to give credit for ☐ rent paid and/or ☐ repairs paid for by defendant.
  - ☐ Plaintiff illegally increased the rent.
  - ☐ It demanded late fees or other non-rental charges (CC §1671(d).)
  - ☐ It demanded rent for a period beyond one year. (CCP §1161.)
  - ☐ Other: _____
- ☐ Defendant tendered the rent in a manner directed by the plaintiff. Therefore, plaintiff cannot demand additional rent from defendant. (CC §1476, CCP §1161.5.)
- ☐ It does not identify ☐ an address or ☐ telephone number (or if rent is requested in person, ☐ available days of the week or ☐ hours) where the rent can be paid. (CCP §1161.)
- ☐ It was served before the rent was late.
- ☐ It did not give defendant 3 days to pay rent because:
  - ☐ the notice cannot expire on a weekend or holiday. (CCP §12a.)
  - ☐ the notice cannot expire on the same day it was served. (CCP §1161(2).)
  - ☐ Plaintiff only accepts rent on the weekdays but counted Saturday and/or Sunday.
- ☐ It does not give defendant 30 days to move. (CC §1946.1)
- ☐ It does not give defendant 60 days to move. (CC § 1946.1)
- ☐ It does not give defendant 90 days to move. (CC §1954.535; Protecting Tenants at Foreclosure Act extended to Dec. 31, 2014 by Dodd-Frank Wall Street Reform and Consumer Protection Act)
- ☐ It was based on a breach of covenant but did not specify what defendant must do to cure the breach and/or it did not give defendant 3 days to cure the breach. (CCP §1161(3).)
- ☐ It was based on a breach of covenant/nuisance but failed to describe the act with specificity. (CCP §1161.)
- ☐ Defendant was unable to contact plaintiff within the notice period due to plaintiff's action and/or failure to act and was, therefore, prevented from paying the rent demanded. (CC §1511.)
- ☐ It violated the Fair Debt Collection Practices Act because a non-owner is collecting the rent for the owner without providing a proper debt validation notice. (15 U.S.C. § 1962.)

## DEFECTIVE COMPLAINT

- ☐ The complaint was not verified or improperly verified. (CCP §1166.)
- ☐ The complaint was filed before the expiration of the notice because:
  - ☐ the notice was served on _____ and, therefore, did not expire until _____.
  - ☐ the notice was not served at all or ☐ it was not properly served.
- ☐ The notice was not attached to the complaint (CCP § 1166(c)(1)(A).)
- ☐ The unlawful detainer is based upon a cause of action other than nonpayment of rent and Plaintiff failed to attach the rental agreement to the complaint. (CCP § 1166(c)(1)(B).)
- ☑ The Complaint fails to state a cause of action for an unlawful detainer because plaintiff did not complete the necessary information in paragraph(s) 6,7,8,12,13,16 (CCP §1166.)

19

ATTACHMENT 3W Page 1

## BREACH OF WARRANTY OF HABITABILITY

☑ The amount of rent demanded in the notice and/or the daily rental value demanded in the complaint is excessive because Plaintiff has failed to provide habitable premises as required by Civil Code §1941.1 and/or Health and Safety Code §17920.3, of which the plaintiff had actual and/or constructive notice and which are listed by way of example and not limitation:

- ☐ Damp/leaking ceiling or walls
- ☐ Falling plaster/peeling paint
- ☐ Lack of/Inadequate heat
- ☐ Lack of/Inadequate hot water
- ☐ Defective/Inadequate gas services
- ☐ Missing/broken windows or doors
- ☐ Missing/torn window screens
- ☐ Hole(s) in walls/floor/carpet
- ☐ Defective/leaking Plumbing
- ☐ Missing/broken smoke detectors
- ☑ Infestation of roaches/rodents/insect/vermin
- ☐ Common areas unclean
- ☐ Inadequate trash receptacles/collection
- ☐ Unsafe stairways/railings
- ☐ Inadequate security locks
- ☐ Defective electrical wiring
- ☐ Lead Hazards
- ☐ Mold
- ☐ Other: [               ]

☐ The conditions above have existed and have not been repaired for 60 days after notice from a government agency inspector, creating a presumption that plaintiff breached the warranty of habitability.

☐ Plaintiff may not increase, demand or collect rent when uninhabitable conditions exist(ed) and have not been repaired/abated within 35 days after written notice from a public officer or employee to repair or abate them. (CC §1942.4.)

☐ The dwelling/unit contains serious health, safety, fire or building code violations, for which a citation was issued by a governmental agency and has not been abated for 6 months or longer. (CC § 1954.52.)

☐ Plaintiff has failed to obtain a valid certificate of occupancy for the premises making the unit unfit for residential habitation. The premises is "an illegal unit" and thus the lease is an unenforceable contract.

## REPAIR AND DEDUCT

☑ Defendant does not owe the rent demanded because defendant paid for and deducted from the rent the cost of repairs which plaintiff knew were needed and failed to provide within a reasonable time. (CC §1942(a).)

☐ Plaintiff and defendant agreed ☐ verbally or ☐ in writing that defendant could repair the conditions in the unit and deduct the cost of repairs from the rent. (CC §1942.1.)

☐ Defendant made a payment to a utility and, therefore, was allowed to deduct such payment from the rent. (Public Utilities Code §§10009-10009.1, §§ 12822-12822.1, §§16481-16481.1; CC §1942.2.)

☐ Other: [               ]

## RENT ESCROW ACCOUNT PROGRAM (REAP) (LAMC §162.00 et. seq.)

☐ Less than a year has passed since the subject property was placed into REAP, and plaintiff has unlawfully increased the rent during that time. (LAMC §162.09(A).)

☐ The plaintiff has filed the unlawful detainer without first checking in writing if defendant has paid rent into REAP. (LAMC §162.09(A)(2).)

☐ The property was removed from REAP less than 180 days before the filing of this complaint, and the plaintiff is attempting to evict defendant without good cause. (LAMC §151.09(A).)

☐ Defendant has made a payment into REAP for the rent demanded; therefore, the plaintiff may Not demand additional rent from defendant. (LAMC §162.09(A)(1).)

Other: [               ]

ATTACHMENT 3W Page [ ] 2

| | | |
|---|---|---|
| 1 | | **ESTOPPEL** |
| 2 | ☑ | Plaintiff was aware of the facts regarding defendant's purported breach and acted so as to lull defendant info believing that the alleged breach was acceptable to plaintiff. Defendant reasonably relied on plaintiff's acts and failure to act to the detriment of defendant and defendant was ignorant of plaintiff's true intentions. |
| 3 | | |
| 4 | ☐ | Plaintiff made an oral agreement with defendant that the rent demanded in the notice could be paid at a later date, upon which defendant detrimentally relied. |
| 5 | | |
| 6 | ☐ | Plaintiff and defendant entered into a written agreement that the rent demanded in the notice could be paid at a later date, upon which defendant detrimentally relied. |
| 7 | ☐ | Plaintiff has waived the alleged breach and is estopped from prosecuting this action because defendant has paid rent and detrimentally relied on the waiver. |
| 8 | ☐ | Other: |
| 9 | | **WAIVER** |
| 10 | ☐ | Plaintiff, with full knowledge of defendant's alleged breach and the facts surrounding said breach, intentionally waived and relinquished the right to declare a breach or forfeiture of the tenancy. |
| 11 | | |
| 12 | ☐ | Within the notice period, defendant timely tendered the full amount of the rent demanded to the plaintiff, and said tender was accepted by the plaintiff. |
| 13 | ☐ | Rent was accepted by the plaintiff after the notice expired; lessor has accordingly waived the breach and the notice and created a new tenancy. (CCP §1161.5.) |
| 14 | ☐ | Plaintiff has accepted late payment of rent in the past and so waived the alleged breach. |
| 15 | ☐ ☐ | Plaintiff has accepted partial payment of rent in the past and so waived the alleged breach. Plaintiff accepted rent with actual and/or constructive knowledge of the alleged breach. As a result, plaintiff has waived the alleged breach. (CCP §1161.5.) |
| 16 | ☐ | Within the notice period, defendant timely tendered the full amount of rent demanded by plaintiff, but said tender was refused. Said tender extinguished tenant's obligation to pay rent. (CC § 1485.) |
| 17 | | |
| 18 | | **RETALIATION** |
| 19 | ☑ | Plaintiff may not recover possession, to retaliate against defendant, within 180 days of: ☐ Defendant complaining to a governmental agency/ agencies concerning tenant ability. (CC 1942.5.) |
| 20 | | |
| 21 | | ☐ Defendant complaining to the plaintiff or plaintiff's agent concerning tenantability. (CC §1942.5.) |
| 22 | | ☑ For otherwise asserting defendant's rights. (CC § 1942.5.) |
| | | **DISCRIMINATION** |
| 23 | ☐ | Plaintiff is discriminating against defendant in violation of the Constitution and laws of the United States, and/or State and local laws, on the basis of: |
| 24 | | ☐ Race    ☐ Gender    ☐ National Origin    ☐ Age ☐ Sexual Orientation  ☐ Religion    ☐ Family Status    ☐ Source of Income |
| 25 | | ☐ Disability    ☐ Presence of Children in Household    ☐ Other: |
| 26 | | **DISCRIMINATION FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATION** |
| 27 | ☐ | Defendant is a qualified person with a disability. Defendant asserts that plaintiff was aware of defendant's disability. Accommodation is necessary to afford defendant equal opportunity to use and enjoy their home. Defendant requested but plaintiff failed to provide a reasonable accommodation (Fair Housing Act ("FHAA") 42 U.S.C. §3604, California Fair Employment and Housing Act ("FEHA") California Government Code §§ 12900, *et seq.*, Rehabilitation Act § 504 of 1973, 42 U.S.C. § 1214, *et. seq.* ("Americans with Disabilities Act.") |
| 28 | | |

ATTACHMENT 3W Page 3

## OWNERSHIP AND STANDING

1. ☐ Defendant was not notified of the change in ownership, which prevented payment of rent. (CC §1962.)
2. ☐ Defendant paid rent to former owner before receiving notice of the change of ownership. (CC §1111.)
3. ☒ A landlord/tenant relationship does not exist between plaintiff and defendant.
4. ☐ Plaintiff's claim of title and right to possession is based on a void or voidable instrument.
5. ☒ Title to the subject property is in dispute.
6. ☒ Plaintiff is not the owner of the subject premises and, therefore, lacks standing to evict defendant.
7. ☐ Plaintiff is not the owner of the subject premises and does not correctly state its authority to sue on behalf of the actual owner. (CCP §367.)
8. ☐ Plaintiff is an individual but wrongfully brought this action using a business name.
9. ☐ Plaintiff is a ☐ Corporation, ☐ LP, or ☐ LLC but did not bring the suit under its legal name.
10. ☐ Plaintiff is a Corporation, LP, or LLC and must be represented by an attorney. (Business & Professions Code § 1625.)
11. ☐ Plaintiff is a Corporation/LP/LLC that does not have the capacity to bring this action because:
    - ☐ It is not registered with the California Secretary of State. (Revenue & Taxation Code §23301.)
    - ☐ It is suspended as a business entity with the California Secretary of State. (Id.)

## MISCELLANEOUS

12. ☐ Plaintiff cannot demand that the rent be paid only in cash or electronic transfer. (CC§ 1947.3.)
13. ☒ Plaintiff has violated the Implied Covenant of Good Faith and Fair Dealing.
14. ☒ Plaintiff has violated the Implied Covenant of Quiet Enjoyment.
15. ☐ Defendant is entitled to a 30-day notice and possible relocation benefits.
16. ☐ This action is barred by a prior judgment or because another action is pending upon the same cause of action. (CCP § 597.)
17. ☒ Defendant requests that the court take judicial notice of the following cases:
    FBI case and investigation on plaintiff
18. ☐ The parties negotiated the written lease agreement in a language other than English, however, the written contract is in English. (Civil Code § 1632, et seq.)
19. ☐ Plaintiff is displacing defendant using State or Federal funds and has not complied with the State Relocation Act, and/or Federal Uniform Relocation Act and/or the Housing and Community Development Act of 1974. (Gov't Code §§ 7260-7277, 25 CCR §§ 6000, et seq., 24 CFR Part 42; 42 U.S.C. 420-4655; 49 CFR Part 24 49 CFR §104(d), 42 U.S.C. §§5301, et seq.; 49 CFR §§24.2, et seq.)
20. ☐ Defendant has/have filed for bankruptcy, case #_____. Therefore, plaintiff cannot ☐ commence an unlawful detainer action against defendant or ☐ take further steps to prosecute. (11 U.S.C. §362(a)(1), (2), & (3).)

## CALIFORNIA ANTI-TENANT HARASSMENT PROVISIONS

21. ☐ Plaintiff had engaged in conduct resulting in Theft (PC §484(a)) of defendant's property and/or Extortion (PC § 518) of defendant. (CC § 1940.2(a)(1) & 1940.2(a)(2).)
22. ☐ Plaintiff used (or threatened to use) force, willful threats, or menacing conduct that interfered with defendant's quiet enjoyment of the premises because it created an apprehension of harm to defendant. (CC §§ 1927 & 1949.2(a)(3).)
23. ☐ Plaintiff committed a significant and intentional violation entry or Notice of Entry into the unit and/or inspection of defendant's unit to harass defendant or otherwise invade defendant's privacy and/or personal security. (CC §§ 1954 and 1940.2(a)(4).)
24. ☐ Plaintiff willfully caused the interruption or termination of utility services (including but not limited to water, heat, light, electricity, gas, telephone, elevator, or refrigeration) (CC § 789.3(a).)
25. ☐ Plaintiff prevented defendant from gaining reasonable access to the property by changing the locks, removing outside doors/windows, and /or otherwise removing defendant's personal property, furnishing or other items without defendant's consent. (CC § 789.3(b).)

**LA COUNTY AND CITY ANTI-HARASSMENT ORDINANCES Los Angeles Code §52.130 or LAMC §45.30**

- ☐ The dwelling unit is (1) located in ☐ an **unincorporated** area of Los Angeles County and (2) not otherwise exempted by State law or other provisions thereof or ☐ the dwelling unit is located within the **City of Los Angeles, and:**
- ☐ Plaintiff reduced/ eliminated housing services required by the lease, rental agreement or applicable laws.
- ☐ Plaintiff failed to perform, and timely complete necessary repairs and maintenance required by law or failed to follow applicable industry standards to minimize exposure to materials such as noise, dust, lead paint, asbestos, etc. that potentially cause harmful health impacts.
- ☐ Plaintiff abused its right to access to defendant's home CC §1954, which includes entering or photographing portions of a rental unit that are beyond the scope of a lawful entry/inspection.
- ☐ Plaintiff threatened defendant by word or gesture, with physical harm.
- ☐ Plaintiff attempted to coerce defendant to vacate with offer(s) of payments.
- ☐ Plaintiff misrepresented that defendant is required to vacate or enticed defendant to vacate through an intentional misrepresentation or omission of a material fact.
- ☐ Plaintiff threatened or took action to terminate the tenancy by causing (1) service of any notice to quit or other eviction notice and/or (2) this action to recover possession of the rental unit based on facts that the plaintiff has no reasonable cause to believe to be true.
- ☐ Plaintiff threatened or engaged in an act or omission that interferes with the tenant's right to use and enjoy the rental unit or otherwise rendered the unit unfit for human habitation and occupancy.
- ☐ Plaintiff refused to acknowledge or accept lawful rent payments as set forth in the lease agreement or established by the usual practice of the parties or law.
- ☐ Plaintiff inquired as to immigration or citizenship status of defendant or occupant or required a statement, representation or certification concerning defendant's immigration or citizenship status.
- ☐ Plaintiff disclosed or threatened to disclose information about a defendant to a government entity for engaging in legally protected activities or to influence Defendant to vacate.
- ☐ Plaintiff engaged in activity prohibited by federal, state or local housing anti-discrimination laws.
- ☐ Plaintiff retaliated against, threatened or interfered with defendant's organizing activities including forming or participating in defendant associations and unions.
- ☐ Plaintiff interfered with defendant's right to privacy or requested information that violates defendant's right to privacy.
- ☐ Plaintiff engaged in other repeated acts or omissions of such significance to substantially interfere with or disturb the comfort, repose, peace or quiet of defendant and that cause or are likely to cause or are committed with the objective to cause a defendant to surrender or waive any rights in relation to the tenancy.

**DOMESTIC VIOLENCE**

- ☐ Plaintiff has unlawfully terminated defendant's tenancy in violation of the Violence Against Women Act and Department of Justice Reauthorization Act. (42 U.S.C. §14043, *et. seq.*) ("VAWA"). Defendant is a victim of domestic violence. Plaintiff has alleged nuisance pursuant to CCP §1161(4).
- ☐ Defendant is a victim of domestic violence and plaintiff is evicting defendant in violation of Civil Code § 1946.7.
- ☐ Plaintiff's claims are barred by protections under the VAWA (42 U.S.C. §14043, *et. seq.*) Defendant is a victim of domestic violence. Defendant's tenancy with plaintiff is subsidized by the U.S. Department of Housing and Urban Development (HUD"). Plaintiff is a covered entity under VAWA. Plaintiff's actions against defendant fail to protect her housing interest, and/or respond appropriately to domestic violence, and constitute discrimination against defendant as an abuse survivor. (42 U.S.C. §14043e-1.)

ATTACHMENT 3W Page ☐ 5

| | | |
|---|---|---|
|1| ☐ |This eviction is based on non-payment of rent owed between 3/4/2020 and 9/30/21. Thus, this case should be permanently masked or remain permanently confidential. (CCP §§1161.2 and 1161.2.5.)|
|2| | |
|3| ☐ |Plaintiff failed to file a declaration stating that it did not receive rental assistance or that there is no pending application for rental assistance for rent accruing during the period stated in the notice of non-payment and/or after the period. (CCP §50897.3(e)(2).)|
|4| | |
|5| ☐ |This eviction is based on unpaid rent that accumulated due to Covid-19 related financial distress, and defendant is concurrently submitting or shall submit verification that defendant has filled their obligations with respect to rental assistance. Thus, the court shall prevent forfeiture of the lease or rental agreement. (CCP §1179.13)|
|6| | |
|7| ☐ |Plaintiff is wrongfully evicting defendant for rental debt owed between 3/1/ 2020 and 8/31/2020. Defendant timely provided the required declaration(s) of COVID-19 financial distress to plaintiff. (CCP §§1179.03(g)(2)(A-B).)|
|8| | |
|9| ☐ |Plaintiff is wrongfully evicting defendant for rental debt owed between 9/1/2020 and 9/30/21. Defendant timely provided the required declaration(s) of Covid-19 financial distress to plaintiff and timely paid at least 25% of the total rent due for that period. (Id.) Plaintiff filed this case to retaliate against defendant for lawfully delaying payment of rent. (CCP|
|10| | |
|11| ☐ |Plaintiff filed this case to retaliate against defendant for lawfully delaying payment of rent. (CCP §1942.5.)|

**FEDERAL CARES ACT**

☐ The premises are a "covered dwelling" under the Federal Cares Act Sec. 4024(a), and plaintiff failed to give defendant a 30-day notice for the underlying eviction action.

**OTHER**

I have been involved with an ongoing FBI investigation against the Plaintiff. Plaintiff has allegedly been involved in scamming multiple families including myself, taking tens of millions of dollars. The FBI officer involved in this investigation is Zack Goodman and can be reached through (646-438-4825).

**TENANT PROTECTION ACT OF 2019 (Civ. Code §§ 1946.2, 1947.12, 1947.13)**

☐ The premises are subject to the Tenant Protection Act of 2019 ("TPA") because (1) defendant has occupied the premises for 12 months or more, (2) the unit was built more than 15 years ago and (3) not otherwise exempted under the law.

☐ Plaintiff does not state and/or has just cause basis for the eviction (CC §1946.2(b)(1).)
☐ Plaintiff does not state or has "no fault just cause" for eviction. (CC §1946.2(b)(2).)
☐ Plaintiff is not proceeding in good faith in recovering possession. (CC §§1946.2, et. seq.)
☐ Plaintiff has not served defendant with a first written notice of the violation with a 3-business day opportunity to cure the violation pursuant to CCP §1161(3) before serving a secondary notice to quit or filing the unlawful detainer. (CC §1946.2(c).)
☐ Plaintiff did not serve a secondary 3-day notice to quit without an opportunity to cure. (Id.)
☐ Plaintiff has filed to provide relocation assistance under "no fault just cause" by either (1) providing a direct relocation payment or (2) waiving in writing the payment of rent for the final month of tenancy, prior to the rent becoming due. (CC §1946.2(d)(1)(A)(B).)
☐ Even though the plaintiff claims they are exempted from the "just cause" provisions of the

ATTACHMENT 3W Page ☐ 6

| | |
|---|---|
| | TPA, defendant or occupants were not provided written notice of that exemption from the plaintiff, nor was it provided in the lease contract. (CC §1946.2(d)(8)(B)(i).) |
| ☐ | Plaintiff failed to provide notice to defendant or add a similar addendum to the lease or rental agreement notifying defendant that their unit is subject to the requirements of the TPA. ( CC §1946.2(f)(3).) |
| ☐ | The rent demanded exceeded the legal amount that could be demanded under the TPA. (CC §1947.12.) |
| ☐ | Even though the plaintiff claims that they are exempted from the rent limit provision of the TPA, defendant or occupants were not provided written notice of that exemption from the plaintiff nor was it provided in the lease contract. (CCP §1947.12(d)(5)9B)(i).) |
| ☐ | The tenancy existed prior to March 15, 2019, and Plaintiff failed to "roll back" or revert to the March 15, 2019, rental amount or has charged in excess of the "roll back" amount given the provided increases were allowable under the TPA. (CCP §§1947.12(h)(1), (2), (3).) |

**WHEREFORE, Defendant prays for judgment as follows:**

Plaintiff take nothing by way of this action and possession be denied to plaintiff;

1. Pursuant to statue or contract, plaintiff be ordered to pay defendant attorney fees and costs in this action;
2. If defendant paid plaintiff returnable deposits, defendant) requests that the court deduct those amounts from the judgment, if any.
3. If the defense of habitability was pleaded, defendant also pray for the following:
   a. Plaintiff be ordered to make all repairs and to correct all defective conditions per CCP §1174.2;
   b. Defendant's rent be reduced until all repairs and corrections to the premises are completed per CCP §1174.2;
   c. The court retains jurisdiction of this case until all court ordered repairs and conditions are completed; and
   d. The Court record shall be sealed.

///
///
///

ATTACHMENT 3W Page 7