Caleb E. Mason, Esq. (State Bar No. 246653)
WERKSMAN JACKSON & QUINN, LLP
888 West Sixth Street, Fourth Floor
Los Angeles, California 90017
Telephone: (213) 688-0460
Facsimile: (213) 624-1942

Attorneys for Defendant
Cole Harris

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO: 2:23-cr-00095-FMO |
|---|---|
| Plaintiff, | |
| vs. | STATUS UPDATE BY ORDER OF THE COURT |
| COLE HARRIS et al., | |
| Defendants. | |

Defendant Cole Harris files this Status Update, as directed by the Court.

**A. Mr. Harris's Properties**

As the Court advised Mr. Harris at the prior Status Conference, Mr. Harris is permitted to list for sale, and explore the potential sale of, his San Marino and Arcadia properties. Mr. Harris needs to sell one or both properties to make ends meet during the pendency of this case. Neither property is currently officially listed for sale. However, Mr. Harris's realtor is informally having discussions with potential buyers, and Mr. Harris is optimistic that such discussions may lead to a formal offer. If he receives any purchase offer, he will promptly inform his Probation officer, and the Court.

### B. Mr. Harris's Proposed Modification of Terms of Release

Mr. Harris requests that the Court modify the terms of his pretrial release, to maintain his GPS ankle monitor, and permit him to travel without restrictions throughout the Central District of California. This modification would constitute one "step" on the supervision ladder, and would be appropriate because Mr. Harris will remain on 24-hour GPS monitoring, has had no violations or compliance issues, and is caring for three young children.

### C. Mr. Harris Requests that the Government Refrain from Interfering with the Sale

It appears that the Government is taking steps to interfere with or prevent Mr. Harris's sale of his properties. Mr. Harris requests that the Court advise the Government that the Court has ruled, and advised Mr. Harris, that Mr. Harris is permitted to sell either property with the Court's permission, and is permitted to take preliminary steps, such as engaging a realtor and listing the properties for sale.

The Government has, on at least two occasions, engaged in conduct that appears intended to interfere with Mr. Harris's ability to sell his properties. First, a male who identified himself as a prosecutor in the case personally called a supervisor at Mr. Harris's realty company, and stated that the company could be potentially legally culpable in some unspecified respect if it assisted in the sale process.

Defense counsel does not presently have a declaration from the individual who took the call. Counsel has, however, spoken to another employee of the realty company who learned of the call contemporaneously. The defense will have the appropriate percipient witness present at an evidentiary hearing in the appropriate procedural context, if necessary.

Hopefully, this will not be necessary, if the prosecutors agree to refrain from calling Mr. Harris's real estate agents (or having others do so) or making

statements, expressly or impliedly, that could reasonably be construed as attempts to pressure the real estate agents not to assist with a sale.

Secondly, as previously noted, the Government also appears to have attempted to interfere with the potential sale of the Arcadia Property. At an unknown date, the Government sent its lead FBI agent, Zachary Goodman, to talk to Mr. Harris's tenant in the Arcadia Property. The tenant has not paid rent in more than a year, and Mr. Harris is seeking to evict him. We do not know what Agent Goodman said to the tenant, but whatever it was, the tenant interpreted it as some sort of offer of protection from eviction. We know this, because, as set forth in Mr. Harris's prior Status Update, the tenant invoked Agent Goodman in his written Answer, as an additional reason why he should not be evicted. He gave Agent Goodman's name and phone number.

Defense counsel asked the prosecutors to respond in writing and explain what Agent Goodman was doing there, and to produce any reports about the contact between Agent Goodman and Mr. Harris's tenant. The prosecutors have not done so. Mr. Harris believes that he, and the Court, are entitled to production by the Government of written reports explaining what Mr. Goodman said to Mr. Harris's tenant.

Dated; October 12, 2023

Respectfully submitted,

Werksman Jackson & Quinn LLP

/s/ *Caleb Mason*

_____
Caleb E. Mason
Alan J. Jackson
Attorneys for Defendant Cole Harris